ASSOCIATION OF CONTRACTING PLUMBERS OF THE CITY OF NEW YORK, INC., Petitioner, *v.* CONTRACTING PLUMBERS ASSOCIATION OF BROOKLYN AND QUEENS, INC., Respondent.

Supreme Court, Special Term, New York County, November 22, 1949.

*Kadel & Wilson* for petitioner.

*A. E. Robert Friedman* for respondent.

EDER, J. MOTION for injunction is granted.

With so many dissimilar names to choose from the respondent has selected a name so closely similar to that of petitioner that, in the opinion of the court, may deceive or mislead the public to believe that respondent is the petitioner association or is connected therewith. Intent to accomplish this result need not

be directly shown; in my opinion such intent may be implied from circumstances, and it is my view that the selection of a name so closely similar when thousands of dissimilar names may be chosen carries its own implications.

The first part of respondent's name, " Contracting Plumbers Association " is strikingly similar to that of petitioner, " Association of Contracting Plumbers ", and while it is true that respondent has added to its name " of Brooklyn and Queens, Inc.," the first part of its name is the one immediately presented to the public.

I am not in accord with respondent's contention that the statute (Penal Law, § 964), is intended to apply only to persons engaged in commercial transactions; that is but one feature of the statute; it has been held, as shown by the cases cited in petitioner's brief, that persons engaged in noncommercial and nonprofit enterprises come within the ambit of its provisions and may invoke the aid and protection of this enactment.

The statute is very much broader in its scope than respondent asserts. It provides against simulation " for advertising purposes, or for the purposes of trade, *or for any other purpose* ". (Italics supplied.) This, in my opinion, is sufficiently extensive to embrace petitioner.

Upon the argument petitioner suggested that respondent use the name " Brooklyn & Queens Contracting Plumbers Association ", which would constitute an appreciable distinction in appearance and form, certainly as to the first part of the name and avoid the likelihood of deceit, misleading or confusion but this is not acceptable to the respondent.

If the respondent's intention and motives are without ulterior purpose and objective, I do not see how respondent can be harmed by the granting of an injunction.

For the reasons stated the motion is granted. Bond $1,000. Settle order.

(Supplemental opinion, November 29, 1949.)

On settlement of order. The provision in the decision directing a bond to be furnished is recalled. No bond is required to be given where an injunction is granted upon an application made pursuant to the provisions of section 964 of the Penal Law. The order granted on such application is a final order and finally terminates the proceeding. It is the equivalent of a final judgment in an action. The injunction granted is not one *pendente lite* where a bond is required. The inclusion in the decision that a bond be filed was due to inadvertence. Order signed.